UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| LOL Finance Co.,<br><br>    Plaintiff,<br><br>v.<br><br>Wade P. Carrigan and Beth Carrigan,<br><br>    Defendants. | Case No: 0:16-CV-000651 (SRN/TNL)<br><br>**ORDER FOR ENTRY OF JUDGMENT PURSUANT TO CONFESSION OF JUDGMENT** |

This matter came on for hearing before the Court pursuant to Plaintiff's Motion for Entry of Judgment Pursuant to Confession of Judgment [Doc. No. 5]. Plaintiff appeared by and through its legal counsel, Stoel Rives LLP, and Margaret E. Dalton. Defendants did not appear.

The Court, having considered Plaintiff's submissions, and otherwise being duly advised in the premises, now makes the following:

**FINDINGS OF FACT**

**A.    Parties and Jurisdiction.**

1.    Plaintiff LOL Finance Co. ("LOLFC") is a Minnesota corporation with its principal place of business located in Shoreview, Minnesota. (Miesen Aff. ¶ 2 (Doc. No. 2)).

2.    Wade P. Carrigan is a citizen of the State of Arizona currently residing in Chandler, Arizona. (Miesen Aff. ¶ 3).

3. Beth Carrigan is a citizen of the State of Arizona currently residing in Chandler Arizona. (Miesen Aff. ¶ 4).

4. The amount at issue in this case exceeds the sum of $75,000.00, exclusive of costs and interest. (Miesen Aff. ¶ 18).

5. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between the parties and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

6. The Court has personal jurisdiction over the Carrigans based upon the terms of the Confession of Judgment at issue in this case. (See Miesen Aff. Ex. B).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and the terms of the Confession of Judgment at issue in this case. (See Miesen Aff. Ex. B).

**B.   Confession of Judgment.**

8. In August 2008, LOLFC made a loan to the Carrigans in the principal amount of $2 million to purchase and raise cattle. (Miesen Aff. ¶ 5).

9. During 2009, the Carrigans defaulted on their loan obligations to LOLFC. (Miesen Aff. ¶ 6).

10. In February 2010, LOLFC commenced an action against the Carrigans in the United States District Court for the District of Arizona to collect the amounts due under the loan. (Miesen Aff. ¶ 7).

11. In July 2011, LOLFC and the Carrigans entered into a Settlement Agreement. Under Paragraph No. 2 of the Settlement Agreement, the Carrigans agreed to pay LOLFC the sum of $940,000.00 as follows:

    a. A single payment in the amount of $100,000.00 on or before August 1, 2011; and

    b. Payments in the amount of $10,000.00 per month, payable on the first day of each month from September 1, 2011, through August 1, 2018.

(Miesen Aff. ¶¶ 8-9 and Ex. A).

12. To secure the payments due under the Settlement Agreement, the Carrigans executed and delivered to LOLFC a Confession of Judgment. Under the Confession of Judgment, the Carrigans agreed that if they failed to make a payment due under the Settlement Agreement and failed to cure their default after being provided with notice of non-payment, and such fact was confirmed by affidavit of counsel for LOLFC, any state or federal court in Minnesota, Arizona or California could immediately enter a judgment against them, jointly and severally, in the principal amount of $1,200,000.00, plus interest at the rate of 6% per year from June 1, 2011, but less any payments made under the Settlement Agreement. The Carrigans further agreed that Minnesota, Arizona and California courts would have personal jurisdiction over them and the authority to enter judgment pursuant to the Confession of Judgment. Finally, the Carrigans agreed that they would not be entitled to any notice, hearing or opportunity to protest prior to the entry of judgment pursuant to the Confession of Judgment. (Miesen Aff. ¶¶ 10-11 and Ex. B).

13. The Carrigans were represented by legal counsel, Lawrence Miller from The Solomon Group in Sherman Oaks, California, in connection with the negotiation and execution of the Settlement Agreement and Confession of Judgment. (Miesen Aff. ¶ 12).

**C.    Default.**

14. The Carrigans failed to timely make the payment that was due under the Settlement Agreement on February 1, 2016. (Miesen Aff. ¶ 13).

15. Pursuant to Paragraph No. 5 of the Settlement Agreement, LOLFC sent a written Notice of Non-Receipt of Payment ("Notice") to the Carrigans. The Notice was mailed to the Carrigans by United States Mail on February 23, 2016, at the address specified in the Settlement Agreement. (Miesen Aff. ¶ 14 and Ex. C).

16. Under Paragraph No. 5 of the Settlement Agreement, the Carrigans had ten days from the post-marked date of the Notice to make the February 1, 2016, payment to LOLFC. Despite the Notice, the Carrigans failed to cure their payment default. The Carrigans also failed to make the payment that was due under the Settlement Agreement on March 1, 2016. (Miesen Aff. ¶ 15).

17. The Carrigans agreed that the amount of the judgment to be entered against them under the Confession of Judgment upon default would be $1,200,000.00, plus interest at the rate of 6% per year from June 1, 2011, but less any payments made by them under the Settlement Agreement. On March 14, 2016, the date on which this action was filed, the base amount due under the Confession of Judgment was as follows:

| Item | Amount |
|---|---|
| Principal | $ 1,200,000.00 |

|  |  |  |
|---|---|---|
| Interest Rate | x | .06 |
| Yearly Interest |  | $ 72,000.00 |
|  | ÷ | 365.00 |
| Daily Interest |  | $ 197.26 |
| Days from 06/01/11 to 03/14/16 | x | 1,747.00 |
| Total Interest |  | $ 344,613.22 |
| Principal | + | $ 1,200,000.00 |
| Base Amount Due |  | $ 1,544,613.22 |

(Miesen Aff. ¶ 16).

18. The Carrigans made the following payments to LOLFC under the Settlement Agreement:

|  |  |  |
|---|---|---|
| Initial Payment |  | $ 100,000.00 |
| Monthly Payments from 09/01/11 through 01/01/16 (53 payments of $10,000.00) | + | $ 530,000.00 |
| Total |  | $ 630,000.00 |

(Miesen Aff. ¶ 17).

19. Based upon the foregoing, the amount due under the Confession of Judgment is $914,613.22, calculated as follows:

| Item | Amount |
|---|---|
| Base Amount Due Under Confession Of Judgment | $ 1,544,613.22 |

|  |  |  |
|---|---|---|
| Less Payments Made By Carrigans | ($ 630,000.00) |
| | Total | $ 914,613.22 |

(Miesen Aff. ¶ 17).

20.     On June 23, 2016, the Carrigans received personal service of the Notice of Hearing on the instant motion, along with a copy of the motion, memorandum in support of the motion, and supporting materials.  (Affidavits of Service [Doc. No. 8 & 9].)

### CONCLUSIONS OF LAW

1.     Confessions of judgment are valid and enforceable under Minnesota law if they are evidenced by a written statement signed and verified by the obligor showing that the confessed amount is justly due and owing to the holder.  Minn. Stat. § 548.22.

2.     A federal court has the power and authority to enter a judgment pursuant to a confession of judgment as long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly and intelligently made.  D.H. Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 186 (1972); Orlando Residence, Ltd. v. Nelson, 565 Fed. App'x 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession judgments, as has been recognized by courts time and again"); National Leasing Corp. v. Williams, 80 F.R.D. 416, 418 (W.D. Pa. 1978)("There is no legal prohibition against entering judgment by confession in a court of the United States, if federal jurisdiction exists"); 28 U.S.C. § 1874 ("In all actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty, wherein the forfeiture, breach, or

6

nonperformance appears by default or confession of the defendant, the court shall render judgment for the plaintiff for such amount as is due").

3. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a).

4. The Court has personal jurisdiction over the Carrigans under the terms of the Confession of Judgment. See Orlando Residence, 565 Fed. App'x at 222-23 (district court may exercise personal jurisdiction over obligors based upon terms of confession of judgment); Alland v. Consumers Credit Corp., 476 F.2d 951, 954 (2d Cir. 1973) (same).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and the terms of the Confession of Judgment.

6. The Confession of Judgment was signed and verified by the Carrigans and shows that the confessed amount is justly due and owing to LOLFC. (Miesen Aff. ¶¶ 10 and Ex. B). The Carrigans were represented by legal counsel in connection with the negotiation and execution of the Settlement Agreement and Confession of Judgment and entered into the Confession of Judgment knowingly, voluntarily and intelligently. (Id. ¶ 12).

7. LOLFC is entitled to entry of judgment against the Carrigans based upon the Confession of Judgment in the amount of $914,613.22.

**ORDER FOR JUDGMENT**

Based upon the foregoing,

**IT IS HEREBY ORDERED:**

1. That LOLFC's Motion for Entry of Judgment Pursuant to Confession of Judgment [Doc. No. 5] is, in all respects, **GRANTED**; and

2. That the Clerk of Court shall forthwith enter a money judgment in favor of LOLFC and against the Carrigans, jointly and severally, in the amount of $914,613.22.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 5, 2016

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge